JACK HOSID, Doing Business as MARINE WELDING COMPANY, Plaintiff, *v.* MICHAEL J. SPILLANE, Defendant.█

Municipal Court of the City of Syracuse, August 3, 1945.

*Lionel O. Grossman* for plaintiff.

*Orry R. Evans* for defendant.

*Allen F. Longley* for Regional Price Administrator, *amicus curiæ.*

McCLUSKY, **J.** This is a motion to set aside the verdict of the jury herein in favor of the plaintiff and against the defendant, on the ground that the plaintiff has not complied with the provisions of the Emergency Price Control Act of 1942 (U. S. Code, tit. 50, Appendix, § 901 *et seq.*) and its amendments and the regulations issued pursuant thereto. Concededly the plaintiff has not filed any price schedules but it is claimed that he was not compelled to do so, as he was not under the Emergency Price Control Act. On this motion the attorney for the Regional Price Administrator was permitted to file a memorandum, as *amicus curiæ.*

Pursuant to the authority conferred under the act mentioned the Revised Maximum Price Regulation was issued August 21, 1944 (known as RMPR 251; 9 Fed. Reg. 10200). This regulation, in part at least, covered construction services and sales of installed building materials. Subdivision (a) of section 1 of article 1 defines the scope of the regulation and applies it to "installations of building materials into any building, structure, or construction project, and the removal therefrom of building materials, and construction services performed in

connection with any building, structure, or construction project within the 48 States of the United States and the District of Columbia.'' Paragraph (1) of subdivision (b) of the same section defines '' Construction service '' to mean '' a transaction in which the seller furnishes only services in order to install building materials or equipment '' in an edifice as previously mentioned. '' It also includes services for the repair * * * of any building, structure, or * * * ''. Paragraph (2) of subdivision (b) defines a sale of '' installed building materials '' to mean '' a transaction in which the seller furnishes building materials and equipment together with the services required to incorporate such equipment or materials into a building, structure, or construction project.'' '' Building materials '' are defined as any raw, processed or fabricated material so installed (§ 1, subd. [b], par. [3]).

The plaintiff in the instant case entered into an agreement, as the verdict implied, to weld a crack in a boiler in the building owned by the defendant known as the East Syracuse Post Office, on November 2, 1944, at a rate of $6 per hour and time and a half for overtime. He welded the cracks and put in the boiler a compound known as a boiler seal.

The act or process of welding requires the cleaning of the cracks and the cutting of the crack to a V-shape to receive the welding material. Then a cylindrical or square piece of material is inserted in the jaws of the welding torch. An electrical contact is established and by means of the high electrical current the bar is fused into and becomes an integral part of the original material, frequently of greater strength and consistency than the original material. The boiler seal is just what the name indicates. Its composition in this case is unknown.

From the facts adduced it is clear that the plaintiff furnished both services and raw and processed materials and that they were incorporated into a building. It is this court's opinion that the plaintiff did come within the provisions of the Revised Maximum Price Regulation on November 2, 1944.

From the evidence offered the plaintiff has not established a maximum price for his services and materials on November 2, 1944, nor at the time of the commencement of this action. Subsequently and on July 25, 1945, after the trial of this action he did comply with the regulation. The defendant contends now that not having complied either at the time of rendering of the services or at the time of the trial of the action his claim is and was unenforcible. The Court of Appeals on May 24, 1945, decided in the case of *International Spangles Corp. v.*

*Morrow Mfg. Corp.* (294 N. Y. 295) that the sale of a commodity under the regulation without filing a price list was a violation and the claim was unenforcible. In the case at bar the violation was of another division of the same regulation. It is the court's opinion that the claim was unenforcible.

Motion to set aside verdict is granted and complaint dismissed, with costs to the defendant.